People ex rel. Winters v Crowley (2018 NY Slip Op 07588)





People ex rel. Winters v Crowley


2018 NY Slip Op 07588


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1103 KAH 16-01834

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. RICKY WINTERS, PETITIONER-APPELLANT,
v
K. CROWLEY, SUPERINTENDENT, ORLEANS CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR PETITIONER-APPELLANT.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Orleans County (James P. Punch, A.J.), entered August 22, 2016 in a habeas corpus proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner appeals from a judgment dismissing his petition for a writ of habeas corpus. The appeal has been rendered moot by petitioner's release from custody (see People ex rel. Valentin v Annucci, 159 AD3d 1391, 1392 [4th Dept 2018], lv denied 31 NY3d 911 [2018]; People ex rel. Moore v Stallone, 151 AD3d 1839, 1839 [4th Dept 2017]; People ex rel. Yourdon v Semrau, 133 AD3d 1351, 1351 [4th Dept 2015]), and we conclude that the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court